IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,<br>Debtors. | 8:19CV405<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on debtors Specialty Retail Shops Holding Corp. and its affiliated debtors'[1] (collectively, "debtors") Motion to Determine Validity of Election, or in the Alternative, to Transfer the Appeal to the Bankruptcy Appellate Panel (Filing No. 8). That motion ("transfer motion") challenges appellant McKesson Corporation's ("creditor") bankruptcy appeal to this Court. For the reasons stated below, the Court will refer the transfer motion to the Eighth Circuit Bankruptcy Appellate Panel ("BAP").

I.  **BACKGROUND**

This appeal arises from the debtors' Chapter 11 bankruptcy proceedings. On June 11, 2019, the United States Bankruptcy Court for the District of Nebraska ("bankruptcy court") entered an order ("plan-confirmation order") confirming the debtors' third-amended plan ("plan"). On June 21, 2019, the creditor appealed the plan-confirmation order to the BAP ("BAP appeal"), contesting numerous issues related to the treatment of administrative creditors under the plan. At the time of the BAP appeal, the

---

[1] According to the Notice of Appeal (Filing No. 1), in addition to Specialty Retail Shops Holding Corp., the other debtors are Pamida Stores Operating Co., LLC; Pamida Transportation, LLC; Penn-Daniels, LLC; Place's Associates' Expansion, LLC; Retained R/E SPE, LLC; Shopko Finance, LLC; Shopko Gift Card Co., LLC; Shopko Holding Company, LLC; Shopko Institutional Care Services Co., LLC; Shopko Optical Manufacturing, LLC; Shopko Properties, LLC; Shopko Stores Operating Co., LLC; and SVS Trucking, LLC.

bankruptcy court had not decided whether the creditor qualified as an administrative creditor.

On August 30, 2019, the bankruptcy court issued another order ("administrative-claim order") denying an administrative-expense claim by the creditor. The creditor elected to appeal the administrative-claim order to this Court rather than the BAP.

On October 1, 2019, the debtors filed the transfer motion challenging the election because the creditor "recently filed another appeal arising out of the same bankruptcy proceedings that is intertwined with the instant appeal" to the BAP. In the debtors' view, the creditor's ability to challenge the plan-confirmation order turns on, in part, whether the creditor possesses the administrative-expense claim.

On October 17, 2019, the debtors requested the BAP transfer the BAP appeal to this Court. On November 6, 2019, the BAP denied (Filing No. 24-1) the debtors' request but held further briefing in abeyance pending this Court's decision.

## II. DISCUSSION

The BAP automatically hears all appeals from the bankruptcy court unless "the appellant elects at the time of filing appeal" or another party elects within thirty days of the notice of appeal to have the appeal heard by the district court. 28 § 158(c)(1). "To elect to have an appeal heard by the district court," a party must timely file a statement of election. Fed. R. Bankr. P. 8005(a). To challenge the validity of that election, the opposing party "must file a motion in the court where the appeal is then pending." Fed. R. Bankr. P. 8005(c). Once a party challenges the election, the BAP's local rules state, "the clerk shall refer the question to a panel." 8th Cir. BAP L.R. 8005A(a)(2).

Here, the debtors challenge what they view as the creditor's "extraordinary attempt to have two different courts address two closely related appeals by the same party arising out of the same bankruptcy proceedings relating to the same asserted administrative claims."

Although the creditor objects (Filing No. 14) to the debtors' transfer motion, arguing "the BAP does not have jurisdiction over this appeal," the creditor nonetheless argues under the BAP's local rules, "it appears that this Court may be required to refer [the transfer motion] to the [BAP] for determination." *See* 8th Cir. BAP L.R. 8005A(a)(2). In other words, the creditor asserts its election to appeal the administrative-claim order to this Court was proper but that the Court should refer the transfer motion to the BAP to make that determination. While the debtors assert this appeal should either be dismissed or otherwise handled by the BAP, the debtors do not agree the BAP should determine the validity of the creditor's election at this point.

The Court does not agree with the creditors that it is "required" to refer the transfer motion to the BAP—if for no other reason than the BAP's rules do not bind this Court. *Cf. In re Watkins*, 461 B.R. 57, 59 n.2 (W.D. Mo. 2011) (collecting cases for the proposition that BAP opinions "are not binding" although they are "persuasive"). But the Court finds that referring this question to the BAP, under these circumstances (and consistent with the BAP's rule), is in the interests of justice and judicial economy.

The BAP has special expertise in bankruptcy issues that will enable it to examine the interrelatedness of the appeals and determine whether the two appeals are "closely interwoven." *In re Brown*, 273 B.R. 194, 196 (B.A.P. 8th Cir. 2002); *see also In re Woodman*, 698 F.3d 1263, 1266 (10th Cir. 2012) (prohibiting simultaneous, identical appeals to the BAP and district court); *In re Snell*, 237 B.R. 636, 638 (B.A.P. 6th Cir. 1999) ("[I]t is in the interest of judicial economy for the same court to hear related appeals.").

What's more, the BAP *already* considered, and resolved, a similar motion filed by the debtors requesting the BAP transfer the BAP appeal to this Court. Given the BAP's experience in this matter, the Court finds the BAP is in an equal, if not better, position to once again analyze the nature and interconnectedness of the appeals to avoid any judicial waste or confusion, such as inconsistent decisions by the courts involved. Accordingly,

IT IS ORDERED:

1. The debtors' Motion to Determine Validity of Election, or in the Alternative, to Transfer the Appeal to the Bankruptcy Appellate Panel (Filing No. 8) is referred to the BAP.
2. The Clerk of Court shall refer the debtors' motion (Filing No. 8) to the Clerk of the BAP.
3. This case is held in abeyance pending the BAP's decision on the debtors' motion.
4. The parties shall notify the Court of the BAP's decision on the debtors' motion within five days of an order being entered.

Dated this 3rd day of January 2020.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
United States District Judge